GLADYS E. MONNENS, A MINOR, BY ERWIN P.
MONNENS, HER FATHER AND NATURAL GUARDIAN, v.
KATHLEEN JAHN LEWIS AND OTHERS.
ELTON GUEMMER, APPELLANT.

165 N. W. (2d) 703.

February 28, 1969—No. 41167.

*Sullivan & Schiefelbein, Robert Schiefelbein, Christian & Gross,* and *Loren Gross,* for appellant.

*Danforth & Allen,* for respondents.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

Defendant Kathleen Jahn Lewis collided with the rear end of defendant Elton Guemmer's truck, resulting in personal injury to plaintiff, a passenger in the Lewis automobile. The jury's response to interrogatories was that each defendant was negligent and that the negligence of each defendant was a direct cause of the accident. The trial court made its findings of fact, conclusions of law, and order for judgment to the same effect and ordered dismissal of Guemmer's counterclaim against the other defendants. After the court denied Guemmer's motion for amended findings or a new trial, defendant Lewis and her insurer, defendant Home Indemnity Company, entered judgment.

Defendant Guemmer, appealing from the order denying a new trial and from the judgment, raises only the narrow issue of whether the evidence is sufficient to support the findings of negligence and proximate cause against him. The crucial issue of fact was whether or not defendant Guemmer, who was stopped or moving slowly on the highway at night, preparatory to turning left into a service station across the highway, had his rear lights and turn signals activated. The jury verdict is, by implication, a finding that either or both of these required instruments were not lighted. The testimonial evidence against this defendant was both affirmative and negative in nature. The affirmative evidence as to the several issues of fact was in sharp conflict, and it was for the jury to determine whom it would believe. The negative evidence, testimony of passengers in the Lewis automobile that they did not see such lights or signals on the Guemmer truck a few yards in front of them, necessarily constituted the jury's appraisal that the credited witnesses had been in a position to observe and that they had been sufficiently attentive and purposeful in their observations to give this negative testimony affirmative significance. The trial court agreed with the jury.

We hold that the findings of the jury and the trial court are not without evidentiary support.

Affirmed.